IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RAHEEM DASHEEN JACKSON,

 Plaintiff,

v.   CV 421-347

JAMES DEAL; DEAN KICKLIGHTER;
and GOVERNOR NATHAN DEAL,

 Defendants.

## ORDER

Plaintiff filed this lawsuit while housed at the Chatham County Detention Center. (Compl., Doc. No. 1, at 3.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 3 (granting IFP status).) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such

relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). For the following reasons, Plaintiff's claims are dismissed.

## I. BACKGROUND

The facts alleged in Plaintiff's Statement of Claim revolve around his sentences for a number of cases. (Compl., Doc. No. 1, at 5-7.) On December 11, 2013, Plaintiff took a plea deal that would have him serve three years in prison followed by seven years on probation, with this sentence running concurrently for each case. (Id. at 5.) According to Plaintiff, his sentence was to end on January 4, 2016. (Id.)

When Plaintiff arrived at prison, he noticed his "max out date" was incorrect. (Id.) Plaintiff spoke with prison officials about the mistake and eventually wrote the judge who sentenced him about the mistake. (Id.) Allegedly, the sentencing judge amended the sentencing order to ensure Plaintiff received credit for time served beginning January 4, 2013. (Id.)

Plaintiff was released on parole on July 30, 2015 from Smith State Prison. (Id. at 6.) On October 29, 2015, he was arrested again. (Id.) His parole was revoked, and Plaintiff returned to prison on February 4, 2016. (Id.) This is where Plaintiff takes issue. He again spoke with prison officials and told them that his "max out date" was January 4, 2016, meaning he should not have

been imprisoned. (Id.) Plaintiff was eventually released on September 20, 2016. (Id.)

Plaintiff asserts false imprisonment claims against the Defendants for the period he was imprisoned after his "max out date" of January 4, 2016. Plaintiff alleges, "The Commissioner Dean Kicklighter is responsible and his staff, and Ware State Prison, Warden James Deal is responsible and his staff, and the Governor, Nathan Deal is responsible for them." (Id. at 6-7.)

## II.  LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## III. DISCUSSION

Plaintiff's claims are subject to dismissal as untimely. The state personal injury statute of limitations determines the length of the limitations period in § 1983 actions. Abreu-Velez v. Board of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir. 2007) (*per curiam*); Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987). In Georgia, claims for personal injuries must be brought within two years of their accrual. Richards v. Cobb County, Ga., 487 F. App'x 556, 557 (11th Cir. 2012) (*per curiam*); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Here, Plaintiff's claims accrued - at the *latest* - on September 20, 2016, on his last day in prison. Plaintiff filed suit in 2021, more than five years later. Therefore, Plaintiff's claims are untimely.

5

Even if his claims were timely, they would fail. Plaintiff is attempting to hold all three Defendants vicariously liable; he states as much in the Complaint. "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation and citation omitted). Defendants can only be held liable under a theory of supervisory liability if they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between their actions and the alleged constitutional violation. See id. (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Plaintiff's allegations meet neither of the two potential supervisory liability standards with respect to any of the Defendants. Beyond a mere recitation of their names and titles, the Complaint does not contain any allegations associating the Defendants with the alleged constitutional violation. Plaintiff's claims cannot stand on these allegations alone. Therefore, they are dismissed without prejudice.

## IV. CONCLUSION

For the reasons explained above, Plaintiff has failed to state any arguably viable claims in his pleadings. Therefore, pursuant

6

to 28 U.S.C. § 1915(e)(2)(B), **IT IS HEREBY ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE.** The Clerk is directed to **CLOSE** this case. Any pending motions are **DENIED AS MOOT.**

**ORDER ENTERED** at Augusta, Georgia, this 13th day of April, 2022.

_____
UNITED STATES DISTRICT JUDGE